## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEURELIS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> STRIDES PHARMA GLOBAL PTE LIMITED AND STRIDES PHARMA INC., <br><br> *Defendants*. | C.A. No. _____ |

## COMPLAINT

Plaintiff Neurelis, Inc. ("Neurelis"), by and through its attorneys, brings this action against Defendants Strides Pharma Global PTE Limited and Strides Pharma, Inc., (collectively, "Strides") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of U.S. Patent Nos. 11,241,414 ("the '414 patent"), 11,793,786 ("the '786 patent"), 12,268,664 (the "'664 patent"), 12,324,852 (the "'852 patent"), 12,337,061 (the "'061 patent"), 12,521,400 (the "'400 patent"), and the 12,599,611 (the "'611 patent") (collectively, the "Asserted Patents") under the patent laws of the United States, Title 35, United States Code, that arises out of Strides' submission of Abbreviated New Drug Application ("ANDA") No. 221329 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell and/or import generic versions of VALTOCO® (diazepam nasal spray), prior to the expiration of the Asserted Patents.[1]  Strides'

---

[1]Seven related cases involving the Asserted Patents and similar ANDAs have been filed in this Court against several other defendants. *See*, *Neurelis, Inc. v. Padagis LLC*, C.A. No. 1:24-cv-00562MN; *Neurelis, Inc. v. Padagis LLC, et. al.,* C.A. No. 1:25-cv-00821MN; *Neurelis, Inc. v. Padagis LLC,* C.A. No. 1:25-cv-01228MN; *Neurelis, Inc. v. Lupin Inc.,* C.A. No. 1:25-cv-

ANDA No. 221329 seeks approval for a diazepam nasal spray with dosages of 5 mg/spray, 7.5 mg/spray and 10 mg/spray (together, the "Strides ANDA Products").

## THE PARTIES

2.      Neurelis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3430 Carmel Mountain Road, Suite 300, San Diego, California 92121.

3.      On information and belief, Defendant Strides Pharma Global PTE Limited ("Strides Global") is a Singapore corporation, having a principal place of business at No. 8 Eu Tong Sen Street, #15-93, The Central, Singapore—059818.

4.      On information and belief, Defendant Strides Pharma Inc. ("Strides Inc.") is a New Jersey corporation, having a principal place of business at 200 Crossing Boulevard, Suite 110, Bridgewater, New Jersey 08807.

5.      On information and belief, Strides Inc. is an agent or affiliate of Strides Global and is acting as the agent of Strides Global with respect to ANDA No. 221329.

6.      On information and belief, Strides Global is a generic pharmaceutical company engaged in the research, development, and marketing of generic drug products.  On information and belief, Strides Global directly and through its affiliates (including Strides Inc.) markets and sells drug products in the State of Delaware and throughout the United States.

7.      On information and belief, Strides Inc. is a generic pharmaceutical company engaged in the research, development, and marketing of generic drug products.  On information

---

01443MN; *Neurelis, Inc. v. Lupin Inc.,* C.A. No. 1:26-cv-00258MN; *Neurelis, Inc. v. Amneal Pharm. LLC.,* C.A. No. 1:26-cv-00261MN; and *Neurelis, Inc. v. Padagis LLC*, C.A. No. 1:26-cv-00401MN.  These related actions have been consolidated under the first case number recited above, and all claims asserted therein remain pending before this Court.  Pursuant to L.R. 3.1, the Civil Cover Sheet accompanying this Complaint indicates that the aforementioned cases are Related Actions.

and belief, Strides Inc. directly and through its affiliates markets and sells drug products in the State of Delaware and throughout the United States.

## JURISDICTION

8. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 1391, 1400(b), 2201, and 2202.

9. This Court has personal jurisdiction over Strides because at least one provision of 10 Del. C. § 3104(c) is satisfied. On information and belief, based on the allegations set forth herein and the conduct described herein, Strides (either individually or collectively) satisfies § 3104(c)(1) because Strides "[t]ransacts any business or performs any character of work or service in the State," § 3104(c)(2), because it has entered into "[c]ontracts to supply services or things in this State," § 3104(c)(4), because it has caused and/or will cause "tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State", and § 3104(c)(5), because it "[h]as an interest in, uses or possesses real property in the State."

10. Additionally, this Court has personal jurisdiction over Strides because individually and/or collectively, it "has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of its generic drugs, that will be purposefully directed at," the District of Delaware and elsewhere. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016), *cert. denied*, 2017 WL 69716 (U.S. Jan. 9, 2017). On information and belief, Strides' "ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs." *Id*. at 760. On information and belief, Strides "intends to direct sales of its drugs into Delaware, among other places, once it has

3

the requested FDA approval to market them." *Id*. at 758.  On information and belief, Strides will engage in marketing of its proposed ANDA products in Delaware upon approval of its ANDA.

11.     Further, this Court has personal jurisdiction over Strides because, among other things, this action arises from activities of Strides directed toward Delaware.  More specifically, Strides is subject to personal jurisdiction in this district because, among other things, Strides has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement against Neurelis, which is a Delaware corporation.

12.     This Court also has personal jurisdiction over Strides because Strides has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this district, and has previously been sued in this district and has not challenged personal jurisdiction.  *See, e.g., Forest Labs. Holdings, Ltd. et al. v. Strides Pharma Glob. PTE Ltd. et al.*, C.A. No. 17-01394 (D. Del.); *Amgen Inc., v. Strides Pharma Glob. PTE Ltd. et al.*, C.A. No. 16-00881 (D. Del.); *Takeda Pharms. U.S.A., Inc. v. Strides Pharma Glob. PTE Ltd. et al.*, C.A. No. 17-01690 (D. Del.).

13.     For the reasons stated above, this Court has personal jurisdiction over Strides.

## **<u>VENUE</u>**

14.     On information and belief venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), and § 1400(b) because Strides Global is incorporated in Singapore and may be sued in any judicial district in the United States, in which the defendant is subject to the court's personal jurisdiction.

15.     On information and belief venue is proper in this Court under 28 U.S.C. §1391(b) and (c), and § 1400(b) because on information and belief, Strides Inc. currently sells over-the-counter medications in physical locations in and throughout Delaware.  Additionally, on information and belief, Strides Inc. is an approved vendor of a contracting alliance for pharmacy that holds a contract with the State of Delaware.

## VALTOCO® AND THE PATENT-IN-SUIT

16.     Neurelis was founded in 2007 to develop, license, and commercialize novel drug product candidates that target the broader central nervous system ("CNS") with application in the fields of epilepsy and psychiatry.

17.     Neurelis holds approved New Drug Application ("NDA") No. N211635, pursuant to which the FDA granted approval for the commercial manufacture, marketing, sale, and use of VALTOCO® (diazepam nasal spray) (5 mg, 7.5 mg, or 10 mg of diazepam per 0.1 ml). VALTOCO® is a prescription nasal spray rescue medicine used in the treatment of specific seizure activity in patients with epilepsy 2 years of age and older. Specifically, VALTOCO® is indicated for the short-term treatment of "seizure clusters," or intermittent, stereotypic episodes of frequent seizure activity (*i.e.*, acute repetitive seizures or "ARS") that are distinct from a patient's usual seizure pattern.

18.     Neurelis is the owner of the '414 patent, titled "Administration of Benzodiazepine Compositions."  The '414 patent was duly and legally issued on February 8, 2022.  The '414 patent claims priority to a provisional application filed March 28, 2008.  A true and correct copy of the '414 patent is attached hereto as Exhibit A.

19.     The '414 patent discloses and claims a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, ethanol and benzyl alcohol, and n-dodecyl beta-D-maltoside ("n-DDM").

20.     Neurelis is the owner of the '786 patent, titled "Administration of Benzodiazepine Compositions."  The '786 patent was duly and legally issued on October 24, 2023.  The '786 patent claims priority to a provisional application filed March 28, 2008.  A true and correct copy of the '786 patent is attached hereto as Exhibit B.

21.     The '786 patent discloses and claims a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, and n-DDM.

22.     Neurelis is the owner of the '664 patent, titled "Administration of Benzodiazepine Compositions."  The '664 patent was duly and legally issued on April 8, 2025.  On or about, December 15, 2025, Neurelis sought correction to the '664 patent to recite the existence of a Joint Research Agreement, so that it may invoke the protections of 35 U.S.C. § 103(c)(2).  On or about, February 10, 2026 the Director of the Patent & Trademark Office ("PTO") issued the certificate of correction.  A true and correct copy of the '664 patent and its certificate of correction are attached hereto as Exhibit C.

23.     The '664 patent recites priority claims, *inter alia*, to a non-provisional application filed March 27, 2009, and to a provisional application filed March 28, 2008, provisional application filed March 28, 2008.

24.     The '664 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, and dodecyl beta-D-maltoside.

25.     Neurelis is the owner of the '852 patent, titled "Administration of Benzodiazepine Compositions."  The '852 patent was duly and legally issued on June 10, 2025. The '852 patent claims priority to provisional applications filed June 14, 2011, and December 13, 2011.  A true and correct copy of the '852 patent is attached hereto as Exhibit D.

26.    The '852 patent discloses and claims, among other things, a method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient by administering a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, ethanol and benzyl alcohol, and dodecyl maltoside.

27.    Neurelis is the owner of the '061 patent, titled "Administration of Benzodiazepine Compositions." The '061 patent was duly and legally issued on June 24, 2025. The '061 patent claims priority to provisional applications filed June 14, 2011, and December 13, 2011. A true and correct copy of the '061 patent is attached hereto as Exhibit E.

28.    The '061 patent discloses and claims, among other things, a method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient by administering a pharmaceutical solution for nasal administration consisting of a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, ethanol, and dodecyl maltoside.

29.    Neurelis is the owner of the '400 patent, titled "Administration of Benzodiazepine Compositions." The '400 patent was duly and legally issued on January 13, 2026. The '400 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '400 patent is attached hereto as Exhibit F.

30.    The '400 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and

pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, and one or more alcohols in a pharmaceutically acceptable spray formation for intranasal administration.

31.     Neurelis is the owner of the '611 patent, titled "Methods and Compositions for Treating Seizure Disorders in Pediatric Patients."  The '611 patent was duly and legally issued on April 14, 2026.  The '611 patent claims priority to a provisional application filed June 10, 2021. A true and correct copy of the '611 patent is attached hereto as Exhibit G.

32.     The '611 patent discloses and claims, among other things, a method of treating intermittent, stereotypic episodes of frequent seizure in a pediatric subject that is 2 to 5 years old comprising intranasally administering a pharmaceutical solution to the pediatric subject, wherein the pharmaceutical solution is one spray in each nostril of 100 µL of pharmaceutical solution having a diazepam concentration of 75 mg/mL, 0.25% w/v dodecyl maltoside, and a carrier system comprising 10.5% w/v benzyl alcohol.

33.     Pursuant to 21 U.S.C. § 355(b)(1), Neurelis previously submitted information concerning the '414, '786, '664, '852, '061, '400 and '611 patents to the FDA in connection with NDA No. N211635, identifying each as a patent covering VALTOCO®.  The '414, '786, '664, '852, '061, '400 and '611 patents have been listed in the FDA publication "Approved Drug Products with Therapeutic Equivalents Evaluations" (commonly known as the "Orange Book") as covering VALTOCO®.

34.     The Orange Book lists the expiration date for the '414, '786, '664, and '400 patents as March 27, 2029.  The Orange Book lists the expiration date for the '852 patent as October 16, 2032, and June 13, 2032, for the '061 patent.  The Orange Book lists the expiration date for the '611 patent as June 10, 2042.

**STRIDES' ANDA NO. 221329 AND NOTICE LETTERS**

35.  Strides' first notified Neurelis by letter dated June 17, 2026 (the "Strides Notice Letter") that it had submitted ANDA No. 221329 (the "Strides ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell a generic version of VALTOCO® (diazepam nasal spray), 5 mg/spray, 7.5 mg/spray and 10 mg diazepam/spray (the "Strides ANDA Products") prior to the expiration of the Asserted Patents.  The Strides Notice Letter informed Neurelis that Strides' ANDA contained a "Paragraph IV Certification" alleging that the claims of the '546, '414, '786, '664, '852, '061, and '400 patents are invalid, not enforceable, and/or not infringed by the Strides ANDA Products.

36.  The Strides Notice Letter was sent by Strides Pharma Inc. on behalf of Strides Pharma Global PTE Limited, was executed by Timothy H. Kratz, and provided Timothy H. Kratz as an agent authorized to accept service of process.

37.  On information and belief, Strides' ANDA has not yet been approved by the FDA.

38.  This action is being filed within forty-five (45) days of Neurelis' receipt of the Strides Notice Letter.  Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

**COUNT I**
**INFRINGEMENT OF THE '414 PATENT**

39.  Neurelis re-alleges paragraphs 1-38 as if fully set forth herein.

40.  Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '414 patent.  By submitting the Strides ANDA, Strides has infringed at least claims 1-18 of the '414 patent under 35 U.S.C. § 271(e)(2)(A).

41.  Claim 1 of the '414 patent provides:

9

1. A pharmaceutical solution for nasal administration consisting of:

diazepam or a pharmaceutically acceptable salt thereof;

one or more natural or synthetic tocopherols or tocotrienols, or any combinations thereof, in an amount from 30% to 95% (w/w);

ethanol and benzyl alcohol in a combined amount from 10% to 70% (w/w); and

n-dodecyl beta-D-maltoside.

42.    By reason of the Strides Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Strides ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '414 patent.  More specifically, Strides' ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '414 patent and/or their equivalents.

43.    On information and belief, immediately upon the FDA's approval of ANDA No. 221329, Strides intends to, and will, manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activities will directly infringe the '414 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '414 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '414 patent under 35 U.S.C. § 271(c).

44.    On information and belief, Strides has acted with full knowledge of the '414 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '414 patent.  Notwithstanding this knowledge, Strides has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Strides ANDA Products immediately and imminently upon approval of the Strides ANDA. Through such activities, Strides specifically intend infringement of the '414 patent.

10

45.     As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Strides' infringement of the '414 patent is not enjoined.  Neurelis does not have an adequate remedy at law.

46.     As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Strides ANDA be a date which is not earlier than the expiration date of the '414 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT II
## INFRINGEMENT OF THE '786 PATENT

47.     Neurelis re-alleges paragraphs 1-46 as if fully set forth herein.

48.     Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '786 patent.  By submitting the Strides ANDA, Strides has infringed at least claims 1-27 under 35 U.S.C. § 271(e)(2)(A).

49.     Claim 1 of the '786 patent provides:

> 1. A pharmaceutical solution for nasal administration consisting of:
> a therapeutically effective amount of diazepam or a pharmaceutically acceptable salt thereof;
>
> one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any isomers thereof, any esters thereof, and any combinations thereof, in an amount from 30% to 95% (w/w);
>
> one or more alcohols in an amount from 10% to 70% (w/w), wherein the one or more alcohols comprises benzyl alcohol; and
>
> n-dodecyl beta-D-maltoside.

50.     By reason of the Strides Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Strides ANDA and ANDA Products literally or through

11

the doctrine of equivalents infringe the claims of the '786 patent. More specifically, Strides' ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '786 patent and/or their equivalents.

51.     On information and belief, immediately upon the FDA's approval of ANDA No. 221392, Strides intends to, and will, manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activities will directly infringe the '786 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '786 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '786 patent under 35 U.S.C. § 271(c).

52.     On information and belief, Strides has acted with full knowledge of the '786 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '786 patent. Notwithstanding this knowledge, Strides has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Strides ANDA Products immediately and imminently upon approval of the Strides ANDA. Through such activities, Strides specifically intend infringement of the '786 patent.

53.     As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Strides' infringement of the '786 patent is not enjoined. Neurelis does not have an adequate remedy at law.

54.     As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Strides ANDA be a date which is not earlier than the expiration date of the '786 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

12

## COUNT III
## INFRINGEMENT OF THE '664 PATENT

55.     Neurelis re-alleges paragraphs 1-54 as if fully set forth herein.

56.     Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '664 patent.  By submitting the Strides ANDA, Strides has infringed claims 1-18 of the '664 patent under 35 U.S.C. § 271(e)(2)(A).

57.     Claim 1 of the '664 patent provides:

1. A pharmaceutical composition for intranasal administration comprising:

about 1 to about 20 mg of diazepam dissolved in about 45% to about 85% (w/w) of one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of: α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any esters thereof and any combinations thereof, and about 25% to about 40% (w/w) of one or more alcohols selected from the group consisting of ethanol, propyl alcohol, butyl alcohol, pentanol, benzyl alcohol, and any combinations thereof, and about 0.01% to about 1% (w/v) of dodecyl β-D-maltoside, wherein the pharmaceutical composition is a solution and contains less than 1% water, wherein the pharmaceutical composition is in a pharmaceutically-acceptable spray formulation.

58.     By reason of the Strides Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Strides ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '664 patent.  More specifically, Strides' ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '664 patent and/or their equivalents.

59.     On information and belief, immediately upon the FDA's approval of ANDA No. 221329, Strides intends to, and will, manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activities will directly infringe the '664 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '664 patent

under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '664 patent under 35 U.S.C. § 271(c).

60.    On information and belief, Strides has acted with full knowledge of the '664 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '664 patent.  Notwithstanding this knowledge, Strides has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Strides ANDA Products immediately and imminently upon approval of the Strides ANDA.  Through such activities, Strides specifically intend infringement of the '664 patent.

61.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Strides' infringement of the '664 patent is not enjoined.  Neurelis does not have an adequate remedy at law.

62.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Strides' ANDA be a date which is not earlier than the expiration date of the '664 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT IV
## INFRINGEMENT OF THE '852 PATENT

63.    Neurelis re-alleges paragraphs 1-62 as if fully set forth herein.

64.    Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '852 patent.  By submitting the Strides ANDA, Strides has infringed claims 1-19; 24- 31 of the '852 patent under 35 U.S.C. § 271(e)(2)(A).

65.    Claim 1 of the '852 patent provides:

14

1. A method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient comprising:

administering a single spray of 100 μL to one nasal mucosal membrane of the patient of a pharmaceutical solution consisting of:

56.47 mg of vitamin E USP +/−5%;
10 mg of diazepam;
0.25 mg of dodecyl maltoside;
10.50 mg of benzyl alcohol +/−5%, and a sufficient quantity of ethanol;

wherein administering the single spray of the pharmaceutical solution to the patient achieves 92.5% to 107.5% of the bioavailability of an equivalent dose of diazepam administered intravenously and is safe and effective in treating the bouts of intermittent and stereotypic episodes of increased seizure activity in the patient; and

wherein administering the single spray of the pharmaceutical solution to the one nasal mucosal membrane of the patient results in a treatment selected from the group consisting of a reduction in the severity of the seizure, a reduction in the probability that the patient will experience a repeat seizure, an increase in the interval between a current seizure and a next seizure in the patient, a reduction in the frequency of seizure in the patient and combinations thereof.

66.    By reason of the Strides Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Strides' ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '852 patent. More specifically, Strides' ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 1 of the '852 patent and/or their equivalents.

67.    On information and belief, immediately upon the FDA's approval of ANDA No. 221329, Strides intends to, and will, manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activities will directly infringe the '852 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '852 patent

under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '852 patent under 35 U.S.C. § 271(c).

68. On information and belief, Strides has acted with full knowledge of the '852 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '852 patent. Notwithstanding this knowledge, Strides has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Strides ANDA Products immediately and imminently upon approval of the Strides ANDA. Through such activities, Strides specifically intend infringement of the '852 patent.

69. As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Strides' infringement of the '852 patent is not enjoined. Neurelis does not have an adequate remedy at law.

70. As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Strides' ANDA be a date which is not earlier than the expiration date of the '852 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**COUNT V**
**INFRINGEMENT OF THE '061 PATENT**

71. Neurelis re-alleges paragraphs 1-70 as if fully set forth herein.

72. Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '061 patent. By submitting the Strides ANDA, Strides has infringed at least claims 1-2; 5-6; 9-22; 25-34; 37-44: 47-54; 57-62 under 35 U.S.C. § 271(e)(2)(A).

73.    Claim 21 of the '061 patent provides the following as reflected in the claims corrected by the Certificate of Correction accompanying the '061 patent:

21. A method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient comprising:

administering a single spray of 100 μL +/-5% of a stable pharmaceutical solution to a nostril of the patient, the pharmaceutical solution containing:

56.47 mg of vitamin E USP +/-5%;
10 mg of diazepam;
0.25 mg of dodecyl maltoside +/-5%;
10.50 mg of benzyl alcohol +/-5%; and
a sufficient quantity of ethanol;

wherein administering the single spray of the pharmaceutical solution achieves 92.5% to 107.5% of the bioavailability of an equivalent dose of diazepam administered intravenously;

wherein administering the single spray of the pharmaceutical solution is safe and effective in treating the bouts of intermittent and stereotypic episodes of increased seizure activity in the patient; and

wherein administering the single spray of the pharmaceutical solution results in a treatment selected from the group consisting of a reduction in the severity of the seizure, a reduction in the probability that the patient will experience a repeat seizure, an increase in the interval between a current seizure and a next seizure in the patient, a reduction in the frequency of seizure in the patient and combinations thereof.

74.    By reason of the Strides Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Strides ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '061 patent. More specifically, Strides' ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 21 of the '061 patent and/or their equivalents.

75.    On information and belief, immediately upon the FDA's approval of ANDA No. 221329, Strides intends to, and will, manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activities will directly infringe

the '061 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '061 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '061 patent under 35 U.S.C. § 271(c).

76.     On information and belief, Strides has acted with full knowledge of the '061 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '061 patent.  Notwithstanding this knowledge, Strides has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Strides ANDA Products immediately and imminently upon approval of the Strides ANDA. Through such activities, Strides specifically intend infringement of the '061 patent.

77.     As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Strides' infringement of the '061 patent is not enjoined. Neurelis does not have an adequate remedy at law.

78.     As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Strides ANDA be a date which is not earlier than the expiration date of the '061 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**COUNT VI**
**INFRINGEMENT OF THE '400 PATENT**

79.     Neurelis re-alleges paragraphs 1-78 as if fully set forth herein.

80.     Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '400 patent. By submitting the Strides ANDA, Strides has infringed claims 1-6; 8-15; 17-21 of the '400 patent under 35 U.S.C. § 271(e)(2)(A).

18

81.     Claim 1 of the '400 patent provides:

1.  A pharmaceutical composition for intranasal administration comprising:

about 1 to about 20 mg of diazepam dissolved in about 45% to about 85% (w/w) of one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any esters thereof and any combinations thereof, and about 25% to about 40% (w/w) of one or more alcohols selected from the group consisting of ethanol, propyl alcohol, butyl alcohol, pentanol, benzyl alcohol, and any combinations thereof, wherein the pharmaceutical composition is a solution of 50 μL to 150 μL, and wherein the pharmaceutical composition is in a pharmaceutically-acceptable spray formulation for intranasal administration.

82.     By reason of the Strides Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Strides' ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '400 patent.  More specifically, Strides' ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 1 of the '400 patent and/or their equivalents.

83.     On information and belief, immediately upon the FDA's approval of ANDA No. 221329, Strides intend to, and will, manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activities will directly infringe the '400 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '400 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '852 patent under 35 U.S.C. § 271(c).

84.     On information and belief, Strides has acted with full knowledge of the '400 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '400 patent. Notwithstanding this knowledge, Strides has asserted its intent to engage in the manufacture, use, offer for sale, sale,

19

marketing, distribution and/or importation of the Strides ANDA Products immediately and imminently upon approval of the Strides ANDA. Through such activities, Strides specifically intend infringement of the '400 patent.

85.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Strides' infringement of the '400 patent is not enjoined. Neurelis does not have an adequate remedy at law.

86.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Strides ANDA be a date which is not earlier than the expiration date of the '400 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**COUNT VII**
**INFRINGEMENT OF THE '611 PATENT**

87.    Neurelis realleges paragraphs 1-86 as if fully set forth herein.

88.    Strides submitted the Strides ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Strides ANDA Products prior to the expiration of the '611 patent.  By submitting the Strides ANDA, Strides has infringed claims 1-33 of the '611 patent under 35 U.S.C. § 271(e)(2)(A).

89.    Claim 1 of the '611 patent provides:

> **1**. A method of treating intermittent, stereotypic episodes of frequent seizure activity that are distinct from a subject's usual seizure pattern in a pediatric subject that is 2 to 5 years old and 23 to 33 kg in body weight having epilepsy, said method comprising:
>
> intranasally administering a pharmaceutical solution to the pediatric subject, wherein the pharmaceutical solution is one spray in each nostril of 100 µL of pharmaceutical solution having a diazepam concentration of 75 mg/mL, 0.25% w/v dodecyl maltoside, and a carrier system comprising 10.5% w/v benzyl alcohol;

wherein said administering is to a nasal mucosal membrane of the pediatric subject to treat the intermittent, stereotypic episodes of frequent seizure activity that are distinct from the subject's usual seizure pattern in the pediatric subject.

90. On information and belief, Strides seeks approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Strides ANDA Products before the expiration of the '611 patent.

91. Neurelis is informed and believes and thereon alleges that despite having knowledge of the '611 patent, Strides' ANDA Products include prescribing information that instructs physicians regarding treating pediatric patients under the age of 6 with Strides' ANDA Products.

92. On information and belief, Neurelis alleges that the prescribing information of the Strides ANDA Products affirmatively encourages an infringing use that would induce and/or contribute to direct infringement of one or more claims of the '611 patent.

93. On information and belief, Strides' ANDA seeks FDA approval for a use that is claimed in and that infringes one of more claims of the '611 patent under 35 U.S.C. § 271(e)(2)(A) indirectly, including by inducement and/or contributory infringement.

94. On information and belief, immediately upon the FDA's approval of ANDA No. 221329, Strides intends to, and will manufacture, use, sell and/or offer to sell the Strides ANDA Products throughout the United States, and any such commercial activity will infringe one or more claims of the '611 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. §271(c).

95. On information and belief, upon approval of Strides' ANDA, Strides will actively induce infringement of the '611 patent for at least the reasons explained herein. In its proposed ANDA label, Strides will either (i) include language that instructs and encourages infringing the '611 patent; or (ii) repeatedly and affirmatively represents that "additional pediatric use" for its

21

ANDA Products has been approved by FDA in addition to the other uses described therein, and encourages physicians to use its products in such manner and to seek information regarding such use from Neurelis. In doing the latter, Strides will repeatedly and affirmatively incorporate by reference the approved pediatric uses set forth in "Neurelis, Inc.'s VALTOCO® (diazepam) nasal spray," into its ANDA products. Thus, the pediatric use of the Strides ANDA Products as set forth in Strides' label will result in direct infringement of the '611 patent by third parties. The foregoing statements in Strides' ANDA label, among others, confirms that Strides is aware that its conduct (i) constitutes patent infringement; and, by including such statements in its proposed label, (ii) constitutes active steps taken towards infringement of the '611 patent. The foregoing conduct satisfies the elements of active inducement of infringement under 35 U.S.C. § 271(b) and the standard set forth by the courts. *See Metro Goldwyn Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 936; *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1401 (2026).

96. On information and belief, upon approval of Strides' ANDA, Strides will contribute to the infringement of the '611 patent by, among other things, selling an apparatus or drug device that is designed for use in practicing the patented methods claimed in the '611 patent. Said apparatus or drug device is a material part of the invention claimed in the '611 patent and Strides knows the same to be especially made or especially adapted for use in an infringing manner as evidenced by at least the affirmative statements Strides placed in its proposed label referenced above. Strides' ANDA products are not staple articles or commodities of commerce that are suitable for substantial noninfringing use, and as such Strides will contributorily infringe the claims of the '611 patent. *See*, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Rhodes Pharms. L.P. v. Indivior, Inc*., No. CV 16-1308, 2018 WL 326405, at *8 (D. Del. Jan. 8, 2018).

## COUNT VI
## <u>DECLARATORY JUDGEMENT OF INFRINGEMENT OF THE '611 PATENT</u>

97.     Neurelis realleges paragraphs 1-96 as if fully set forth herein

98.     Neurelis' claims also arise under the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

99.     On information and belief, if Strides' ANDA is approved, then its ANDA product will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Strides and their affiliates.

100.    On information and belief, Strides' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves Strides' ANDA.  Any such conduct before the '611 patent expires will contribute to the direct infringement of and/or induce the direct infringement of one or more claims of the '611 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

101.    On information and belief, Strides dispute that their conduct constitutes or will constitute infringement of the '611 patent.

102.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Neurelis and Strides concerning liability for the infringement of the '611 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

103.    Plaintiff will be substantially and irreparably harmed by Strides' infringing activities unless those activities are enjoined by this Court.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Neurelis requests the following relief:

23

(a)      A judgment that the '414, '786, '664, '852, '061, '400, and '611 patents have been infringed by Strides under 35 U.S.C. § 271(e)(2)(A) by submitting the Strides ANDA;

(b)      A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Strides ANDA Products will infringe the '414, '786, '664, '852, '061, '400, and '611 patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

(c)      A permanent injunction enjoining Strides, and all persons acting in concert with Strides, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Strides ANDA Products prior to the expiration of the '414, '786, '664, '852, '061, '400, and '611 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)      If Strides commercially makes, uses, sells, or offers to sell the Strides ANDA Products within the United States, or import the Strides ANDA Products into the United States, prior to the expiration of the '414, '786, '664, '852, '061, '400, and '611 patents, including any extensions, that Neurelis be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages;

(e)      A judgment ordering that the effective date of the approval of the Strides ANDA be a date which is not earlier than the expiration date of the '414, '786, '664, '852, '061, '400, and '611 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(f)      A declaratory judgment that the '611 patent has been infringed by Strides under 35 U.S.C. § 261(e)(2)(A) by submitting the Strides ANDA;

(g)      A declaratory judgment that the commercial manufacture, use, sale, or offer for sale, or importation into the United States of the Strides ANDA products will infringe the '611 patent under 35 §§ 271(a), (b), and/or (c);

(h)      Costs and expenses against Strides in this action; and

24

(i)       Such further and other relief as this Court may deem just and proper.

Date: July 31, 2026

OF COUNSEL:

Michael Sitzman (*pro hac vice forthcoming*)
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tel: (628) 218-3800
msitzman@mcdermottlaw.com

Timothy P. Best (*pro hac vice forthcoming*)
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 551-9321
tbest@mcdermottlaw.com

Connor S. Romm (*pro hac vice forthcoming*)
**MCDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
Tel: (617) 535-5977
cromm@mcdermottlaw.com

Hannah Hurley (*pro hac vice forthcoming*)
**MCDERMOTT WILL & SCHULTE LLP**
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
Tel: (650) 815-7527
hhurley@mcdermottlaw.com

Anisa Noorassa (*pro hac vice forthcoming*)
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tel: (628) 218-3800
anoorassa@mcdermottlaw.com

*/s/ Ethan H. Townsend*
Ethan H. Townsend (#5813)
**MCDERMOTT WILL & SCHULTE LLP**
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mcdermottlaw.com

*Attorneys for Plaintiff Neurelis, Inc.*

25